UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONNIE L. WHITE, JR.,

      Plaintiff,                                      Case No.: 3:13-cv-173

vs.

COMMISSIONER OF                        District Judge Walter H. Rice
SOCIAL SECURITY,                       Magistrate Judge Michael J. Newman

      Defendant.

## REPORT AND RECOMMENDATION[1]

When *pro se* Plaintiff did not file his Statement of Errors within the 60-day period referenced in Sixth Amended Magistrate Judges' General Order No. 11 (eff. Sept. 1, 2011), the Court, acting *sua sponte*, afforded Plaintiff an additional fourteen days in which to do so. *See* doc. 9 (Order to Show Cause). Plaintiff was then notified, in writing, that his failure to file a Statement of Errors on or before November 1, 2013 would be cause for the Court to dismiss this matter on lack-of-prosecution grounds and also on account of his failure to comply with General Order No. 11. *See id.*

Plaintiff was provided with a copy of the Order to Show Cause and General Order No. 11 via certified mail. *See* Certificate of Mailing (doc. 10). Additionally, once the November 1st deadline set forth in the Order to Show Cause passed, the Court afforded *pro se* Plaintiff an additional five days in which to meet the deadline.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

No response of any kind having been received from Plaintiff, the Court **RECOMMENDS,** pursuant to the Order to Show Cause (doc. 9), that this case be **DISMISSED** on account of *pro se* Plaintiff's failure to prosecute and in light of his failure to comply with Sixth Amended Magistrate Judges' General Order No. 11.

November 6, 2013

                    s/ **Michael J. Newman**
                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).